| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF GREENVILLE ) | C.A. NO. 2014-CP-23-01223 |

Freda Blumenberg, )
)
      Plaintiff, )
)
vs. )   **SUMMONS**
)
The Boeing Company, and Aetna Life )
Insurance Company, )
)
      Defendants. )
)

FILED-CLERK OF COURT
GREENVILLE CO. S.C.
PAUL B. WICKENSIMER
2014 MAR 5 PM 12 14

ENTERED)COMPUTER

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is attached hereto and herewith served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at **1225 South Church Street, Greenville, South Carolina 29605**, within thirty (30) days after service hereof, exclusive of the day of such service. If you fail to answer, appear or defend, the Plaintiffs will apply to the Court for the relief demanded in the Complaint and judgment will be taken against you by default.

                                                Respectfully Submitted,

                                                _____
                                                John Robert Peace, Esq.
                                                PO Box 8087
                                                Greenville, SC 29604-8087
                                                Ph:    (864) 298-0500

March 5, 2014                                **Attorney for Plaintiff Freda Blumenberg**

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA )<br>COUNTY OF GREENVILLE ) | | IN THE COURT OF COMMON PLEAS<br>C.A. NO. 2014-CP-23-_01223_ |
| Freda Blumenberg, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>The Boeing Company, and )<br>Aetna Life Insurance Company, )<br>)<br>)<br>Defendants. )<br>_____) | | **COMPLAINT** |

Plaintiff Freda Blumenberg, by and through her undersigned counsel, complaining of the above-named Defendants would respectfully show unto this Honorable Court the following:

## JURISDICTION AND VENUE

1. Prior to her disability, Plaintiff was an employee of Defendant The Boeing Company (hereinafter "Boeing").

2. At all times material to the allegations contained here, Plaintiff Freda Blumenberg was a participant in the Boeing Short Term Disability Plan and Long Term Disability Plan (hereinafter "the Plans").

3. Defendant Boeing created employee welfare benefits plans for the purpose of providing certain short term disability (STD), long term disability (LTD), and group life insurance coverage and benefits to its employees.

4. Plaintiff is informed and believes that the name of the employee benefit plan in question is Boeing STD and LTD Plan and the Life Plan (hereinafter "the Plans").

5. Defendant Boeing established and/or maintained a policy of group insurance with

      Defendant Aetna Life Insurance Company (hereinafter "Aetna") in order to provide STD and LTD benefits to its employees who chose to participate in the Plans.

6. Defendant Aetna is the insurer and claims administrator of the Plans.

7. Defendants Boeing and Aetna are each fiduciaries with respect to the Plans.

8. The Plan is governed by the Employee Retirement and Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1001, *et seq.*

9. Pursuant to 29 U.S.C. §1132(e), this Court has jurisdiction over Plaintiff's claims.

## FACTUAL ALLEGATIONS

10. Prior to her disability, Freda Blumenberg worked as an Assembler B for Boeing.

11. Plaintiff enrolled in Boeing STD and LTD Plans.

12. Freda Blumenberg's last day at work was April 8, 2013.

13. Since April 8, 2013, Plaintiff has been unable to perform the material and substantial duties of her Own Occupation or Any Occupation due to various medical and psychological problems and conditions.

14. After she became disabled, Plaintiff applied for STD benefits and LTD benefits.

15. Aetna wrongfully denied Plaintiff's continuing claim for Short Term Disability benefits under an Own Occupation definition of disability.

16. Aetna wrongfully denied Plaintiff's continuing claim for Long Term Disability benefits, stating that Plaintiff failed to meet the 26-week waiting period.

17. Plaintiff subsequently appealed Aetna's STD and LTD denial decisions.

18. On December 16, 2013, Defendant Aetna denied Plaintiff's disability claim appeal.

19. Plaintiff has exhausted all administrative remedies under the Plans.

20. Despite Plaintiff's continuous total disability since April 8, 2013, Defendants have wrongfully failed to pay STD and LTD benefits to Plaintiff as required by the Plans.

## CAUSE OF ACTION
### Plaintiff's Claim for STD & LTD, pursuant to 29 U.S.C. §§ 1132(a)(1)(B)

21. Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth herein.

22. Plaintiff has been totally disabled from performing the material duties of her regular occupation since April 8, 2013.

23. Plaintiff is entitled to STD and LTD insurance benefits under the Plans.

24. Plaintiff has been totally disabled from performing the material duties of any occupation for which she is capable of performing by way of education, training, or experience, and is entitled to STD and LTD insurance benefits to age 65 under the terms of the Plan as described above.

25. Plaintiff seeks STD and LTD benefits due her under the terms of the STD and LTD Plans, to enforce her rights under the terms of the Plans, and to clarify her rights to future benefits under the terms of the Plans, pursuant to 29 U.S.C. §1132(a)(1)(B).

26. Plaintiff respectfully requests that the Court order each Defendant to pay all amounts due and owing for the Plaintiff's STD and LTD benefits under the terms of the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B).

27. Pursuant to 29 U.S.C. §1132(g), Plaintiff also respectfully requests that the court grant Plaintiff's attorneys fees and costs.

**WHEREFORE,** Plaintiff Freda Blumenberg prays for judgment directing Defendants to

pay Plaintiff's STD and LTD benefits pursuant to the Boeing Disability Plans, attorneys fees and costs, and all such further relief as the Court deems just and proper.

Respectfully Submitted,

_____
John R. Peace, Esq.
PO Box 8087
1225 S. Church Street
Greenville, SC 29604-8087
Ph-  (864) 298-0500
Fax- (864) 271-3130

**Attorney for Plaintiff Freda Blumenberg**

March 5, 2014

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** ) | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF** Greenville ) | |
| Freda Blumenberg ) | **CIVIL ACTION COVERSHEET** |
| **Plaintiff(s)** ) | 2014-CP-23-**1223** |
| vs. ) | |
| The Boeing Company, and Aetna Life Insurance Company ) | FILED-CLERK OF COURT GREENVILLE CO. PAUL B. WICKENSIMER 2014 MAR 5 PM |
| **Defendant(s)** ) | |

**Submitted By:** John R. Peace
**Address:** 1225 S. Church Street
Greenville, SC 29605

| | |
|---|---|
| **SC Bar #:** | 15521 |
| **Telephone #:** | 864-298-0500 |
| **Fax #:** | 864-271-3130 |
| **Other:** | |
| **E-mail:** | john@peacelawfirm.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

**DOCKETING INFORMATION** (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☐ **JURY TRIAL** demanded in complaint.    ☒ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

**NATURE OF ACTION** *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20___-CP-___-___ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| Special/Complex /Other | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) | |
| ☒ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ERISA | ☐ Sexual Predator (510) | | |

**Submitting Party Signature:** _/s/_    **Date:** 3-5-14

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (04/2012)    Page 1 of 2

**FOR MANDATED ADR COUNTIES ONLY**

Allendale, Anderson, Beaufort, Clarendon, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lee, Lexington, Pickens (Family Court Only), Richland, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**   **You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.**